# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALVIN R SIMMONS, JR., | ) | |
| Plaintiff, | ) | Civil Action No. 18-113 |
| v. | ) | Judge Cathy Bissoon |
| HELLO BISTRO, *et al.*, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

**A. Background**

Plaintiff, proceeding *pro se*, commenced this action by filing a Motion for Leave to Proceed In Forma Pauperis on January 26, 2018 (Doc. 1), to which he attached a Complaint. The Motion for Leave to Proceed IFP was granted and the Complaint (Doc. 3) was docketed on January 31, 2018.

In his Complaint, Plaintiff alleges that the Court possesses subject matter jurisdiction over his claim based on 28 U.S.C. § 1331. (Doc. 3 at 3-4). In his Statement of Claim, Plaintiff alleges that, on or about December 7, 2017, while he was "at work at Hello Bistro," a manager of the restaurant, Mr. Christian, sexually harassed Plaintiff by placing his hands on Plaintiff's lower body and butt. (Doc. 3 at 5). Based on these allegations, the Court presumes that Plaintiff intends to bring a gender-based hostile work environment claim against Defendants under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*. ("Title VII").[1]

---

[1] The court must liberally construe the factual allegations of Plaintiff's Complaint because *pro se* pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation

B. **Analysis**

This Court must review Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Although Plaintiff does not appear to be incarcerated, the amendments to the PLRA, codified as 28 U.S.C. § 1915, apply to non-prisoners who have been granted in forma pauperis status. See Powell v. Hoover, 956 F. Supp. 564, 566 (M.D. Pa. 1997) (holding that federal in forma pauperis statute is not limited to prisoner suits). Specifically, Section 1915(e) requires federal courts to review complaints filed by persons who are proceeding in forma pauperis and to dismiss, at any time, any action that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

In reviewing complaints under § 1915(e)(2)(B)(ii), a federal court applies the same standard that is applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). D'Agostino v. CECOM RDEC, 436 Fed.Appx. 70, 72 (3d Cir. 2011) (citing Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)). A complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). The Court must accept as true all factual allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).

In this case, the Court finds that, as currently pleaded, Plaintiff's Complaint does not state a claim upon which relief may be granted. In order to bring a Title VII action in federal court, a

---

omitted). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veterans Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)).

plaintiff must first exhaust all administrative remedies.  See 42 U.S.C. § 2000e-5(e)(1); Mandel v. M & Q Packaging Corp., 706 F.3d 157, 163 (3d Cir. 2013) (citation omitted).  In a deferral state such as Pennsylvania, that means that the plaintiff must file a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice and obtain a notice of the right to sue from the EEOC before filing suit in federal court on such claims.  Mandel, 706 F.3d at 163 & 165.  A plaintiff must commence his federal lawsuit within 90 days from the receipt of an EEOC right-to-sue letter.  42 U.S.C. § 2000e-5(f)(1); Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999).  Thus, in order to avoid dismissal of this civil action, Plaintiff must allege, in his Complaint, facts to show that he complied with these exhaustion requirements and that he filed his federal civil action in a timely manner.  In its current form, Plaintiff's Complaint does not set forth any facts to show that he exhausted his administrative remedies with respect to his Title VII claim.  Accordingly, the Complaint fails to state a viable claim for relief and must be dismissed.  However, given Plaintiff's *pro se* status, the Court will grant him leave to file an amended complaint in which he sets forth facts to show that he exhausted his administrative remedies.

## II.  ORDER

For the reasons stated herein, Plaintiff's Complaint hereby is DISMISSED without prejudice.  Plaintiff shall file an amended complaint setting forth facts showing that he has exhausted his administrative remedies on or before February 15, 2018.

If Plaintiff does not file an amended complaint by February 15, 2018 indicating that he has in fact exhausted his administrative remedies with the EEOC, the Court will dismiss this case without prejudice to Plaintiff refiling a second lawsuit if and when he has exhausted his administrative remedies.

IT IS SO ORDERED.

February 1, 2018                               s/Cathy Bissoon
                                               Cathy Bissoon
                                               United States District Judge

cc (via ECF email notification):

All Counsel of Record



cc (via First-Class U.S. Mail):

ALVIN R. SIMMONS, JR.
4595 McKnight Road
Pittsburgh, PA 15237